UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK BALDACCHINO,                          No. 2:01-cv-01910-MCE-DAD

      Plaintiff,

  v.                                       **AMENDED MEMORANDUM AND ORDER**[1]

COUNTY OF EL DORADO, JAMIE
MORGAN, JEREMY GARRISON,
HOWARD JENCKS, AND TONY
CAMPAGNA,

      Defendants.

----oo0oo----

This case arises from the events surrounding the arrest of Plaintiff Mark Baldacchino ("Plaintiff") on October 14, 2000. Plaintiff alleges that his constitutional rights were violated by Defendants[2] during said arrest and now seeks recovery under 42 U.S.C. section 1983. Plaintiff additionally asserts state tort claims for assault and battery.

---

[1] The Memorandum and Order initially in this matter on October 1, 2009, contained a typographical error on page 10, line 22 in which the word "shooting" was used instead of the correct term,"restraining." This Amended Memorandum and Order corrects that inadvertent error. No other changes have been made.

[2] The Defendants in this matter include the County of El Dorado as well as Sheriff Deputies Morgan, Garrison, Jencks and Campagna. Hereinafter all Defendants will be referred to collectively as "Defendants" unless indicated otherwise.

Presently before the Court is Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56,[3] brought on grounds that the instant action is barred pursuant to the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 487 (1994).

**BACKGROUND**

Plaintiff does not take issue with the undisputed facts of this matter, as outlined by Defendants.[4] The Court of Appeal for the Third District of California, in ruling on Plaintiff's appeal on December 2, 2005, succinctly described the events leading to Plaintiff's arrest on October 14, 2000 as follows:

> "[Plaintiff] tried to enter a crime scene where a man lay shot to death on the ground. The situation was unstable: paramedics were tending to the victim and sheriff's deputies were trying to learn what had happened. The deputies told [Plaintiff] not to approach any closer. They also ordered [Plaintiff] to take his hands out of his pockets so that they could ascertain that he was not armed. [Plaintiff] disobeyed these directives and tried to get past the officers. He later struggled against officers who were removing him from the patrol car."

Defs.' Statement of Undisputed Facts ("SUF") No. 1, citing Defs.' Request for Judicial Notice, Exh. A, People v. Baldacchino, 2005 WL 3249943 at * 6.

///

///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted

[4] Plaintiff also does not oppose the Request for Judicial Notice made by Defendants under Federal Rule of Evidence 201. That request is granted.

2

1  Following his arrest, Plaintiff was charged with felony
2 vandalism under California Penal Code § 594(A)[5] (for having
3 kicked out the window of the patrol car where he was being
4 detained.  SUF No. 2.  He was also charged with willfully
5 resisting, delaying and obstructing officers at the murder scene
6 while the officers attempted to discharge their duties, pursuant
7 to California Penal Code §148(a)(1), a misdemeanor.  Id.

8  Plaintiff was ultimately convicted on both counts following
9 a jury trial in December of 2003.  Id. at 5.  Plaintiff's
10 conviction was affirmed on direct appeal to the Court of Appeal
11 for the Third District of California by Opinion filed December 2,
12 2005.  Id. at 9.  After Plaintiff subsequent petition for review
13 was rejected by the California Supreme Court (Id. at 10), a writ
14 of habeas corpus was filed in this court which was also
15 dismissed, by Order dated July 2, 2009.

16  The present action, for violation of 42 U.S.C. § 1983 along
17 with related state law claims for assault and battery, was
18 originally filed on October 15, 2001, well before Plaintiff was
19 convicted of the state criminal charges in late 2003.  The action
20 was later stayed on March 19, 2004, pending the outcome of
21 Plaintiff's appeal.  The stay remained in effect until May 9,
22 2008.  The present Motion for Summary Judgment was thereafter
23 filed on behalf of Defendants on July 10, 2009.
24 ///
25 ///
26 ///

---

28  [5] The vandalism charge was later reduced from a felony to a misdemeanor.  SUF 3.

3

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).

4

1  The opposing party must demonstrate that the fact in contention
2  is material, i.e., a fact that might affect the outcome of the
3  suit under the governing law, and that the dispute is genuine,
4  i.e., the evidence is such that a reasonable jury could return a
5  verdict for the nonmoving party. Anderson v. Liberty Lobby,
6  Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169,
7  Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir.
8  1987).  Stated another way, "before the evidence is left to the
9  jury, there is a preliminary question for the judge, not whether
10 there is literally no evidence, but whether there is any upon
11 which a jury could properly proceed to find a verdict for the
12 party producing it, upon whom the onus of proof is imposed."
13 Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 14
14 Wall. 442, 448, 20 L. Ed. 867 (1872)).  As the Supreme Court
15 explained, "[w]hen the moving party has carried its burden under
16 Rule 56(c), its opponent must do more than simply show that there
17 is some metaphysical doubt as to the material facts....Where the
18 record taken as a whole could not lead a rational trier of fact
19 to find for the nonmoving party, there is no 'genuine issue for
20 trial.'" Matsushita, 475 U.S. at 586-87.
21      In resolving a summary judgment motion, the evidence of the
22 opposing party is to be believed, and all reasonable inferences
23 that may be drawn from the facts placed before the court must be
24 drawn in favor of the opposing party. Anderson, 477 U.S. at 255.
25 ///
26 ///
27 ///
28 ///

5

**ANALYSIS**

**A.   Plaintiff's Section 1983 Claims Are Barred By <u>Heck</u>.**

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), the United States Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Thus, in order to pursue a claim under 42 U.S.C. § 1983 that would undermine a prior conviction, Plaintiff must prove that the underlying conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 486-477.

Here, Plaintiff was convicted of both vandalism and deterring law enforcement officers from the performance of his duties. Plaintiff has presented no evidence that his conviction has been either reversed or invalidated. In fact, Plaintiff appealed his conviction and that appeal was denied. In addition, his petition for habeas corpus was also denied.

Defendants contend that Plaintiff's First Causes of Action, which alleges excessive force under § 1983, is barred under <u>Heck</u> because a verdict in Plaintiff's favor would necessarily imply the invalidity of his criminal conviction- a conviction that was upheld on appeal and has not otherwise been rendered invalid.

///

///

Plaintiff argues that his § 1983 claims are unrelated to the conduct for which he was convicted and that summary judgment is accordingly inappropriate.  He argues that the facts giving rise to his claims involve two separate and distinct incidents, and that his conviction for under Penal Code § 148(a) rests only on the purported "first" incident when Plaintiff resisted the officer's directives, as opposed to the "second" incident that occurred when Plaintiff kicked out a patrol car window and alleged unreasonable force was employed in the process of restraining him thereafter.  See SUF No. 19; Pl.'s Opp., 2:12-18, 4:17-5:4.  Plaintiff accordingly contends that a verdict in his favor on his excessive force claim would not necessarily be inconsistent with his prior conviction under California Penal Code section 148(a)(1).  The Court disagrees.  The evidence presented to the jury is consistent with a continuous course of resistance by Plaintiff throughout the incident, which included his resistance after kicking out the window the patrol car where he was being retained.

    Plaintiff relies primarily on the Ninth Circuit cases of Sanford v. Motts, 258 F.3d 1117 (9th Cir. 2001), and Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005), for the proposition that Heck does not necessarily bar a section 1983 action for excessive force where the plaintiff was convicted of resisting arrest if the excessive force was applied either prior or subsequent to the arrest.[6]

///

---

[6] Like the present case, Sanford and Smith both involved alleged violations of Penal Code section 148(a)(1).

7

1    In <u>Sanford</u>, the plaintiff brought an excessive force claim
2 against a police officer after she pled nolo contendere to
3 resisting, obstructing and delaying a peace officer in the
4 performance of his duties under Penal Code section 148(a)(1).
5 <u>Sanford</u>, 258 F.3d at 1118-19.  Because the court could not
6 ascertain the factual basis for the plea, and because there were
7 several accusations which would support a conviction under
8 section 148(a)(1), the court could not determine whether the
9 excessive force occurred prior to the arrest or subsequent
10 thereto.  Further, because excessive force applied subsequent to
11 the arrest would not render the arrest unlawful, the court found
12 that defendants had not met their burden to show that the
13 excessive force claims were barred by <u>Heck</u>.  <u>Id</u>. at 1119-20.
14    <u>Smith</u> held that a conviction based on conduct that occurred
15 before an officer commences the process of arrest is not
16 necessarily rendered invalid by the officer's subsequent use of
17 excessive force in making the arrest.  <u>Id</u>. at 696.  In <u>Smith</u>, the
18 plaintiff pled guilty to resisting arrest under section
19 148(a)(1).  <u>Smith</u> also involved a chain of events where several
20 of the defendant's acts provided a basis for the plaintiff's
21 conviction.  The court found that the plaintiff violated section
22 148(a)(1) several times before the arrest, as well as during the
23 course of the arrest.  <u>Smith</u>, 394 F.3d at 697.  As in <u>Sanford</u>,
24 the court found that nothing in the record informed them of the
25 factual basis of the guilty plea.  <u>Smith</u>, 394 F.3d at 698.
26 ///
27 ///
28 ///

Because the defendants acts prior to the application of excessive force could have supported the conviction, the court could not determine that the excessive force claim would necessarily undermine his conviction. Therefore, the court held that summary judgment was not appropriate. Id. at 699.

Based on these arguments, Plaintiff contends that his claims are not barred by Heck because he could have been convicted based on his initial resistance to arrest, and even that occurred before he was allegedly assaulted after being taken into custody. That argument is without merit.

Significantly, the Ninth Circuit's Smith decision carefully distinguished convictions based on guilty pleas or pleas of nolo contendere, as opposed to convictions based on jury verdicts. Plaintiff ignores this critical distinction. As Smith explains:

> Where a defendant is charged with a single-act offense [like California Penal Code § 148(a)] but there are multiple acts involved each of which could serve as the basis for a conviction, a jury does not determine which specific act or acts form the basis for the conviction. ... Thus, a jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of his conviction.... However, where a § 1983 plaintiff has pled guilty or entered a plea of nolo contendere ... it is not necessarily the case that the factual basis for his conviction included the whole course of his conduct.

Smith, 394 F.3d at 699, fn.5 (internal quotations and citations omitted). Because Plaintiff was convicted by a jury, that jury must have necessarily determined the lawfulness of Defendants' actions throughout the entire course of Plaintiff's conduct during the events at issue. Therefore, Plaintiff's claim of excessive force would imply the invalidity of Plaintiff's conviction.

9

1    It is undisputed that the jury was instructed that the
2 prosecution had the burden of proving that the law enforcement
3 officers involved were engaged in the performance of their
4 duties.  SUF No. 21.  It is further undisputed that the jury was
5 instructed that "[a] peace officer is not engaged in the
6 performance of his duties if he ... uses unreasonable or
7 excessive force in making or attempting to make the arrest or
8 detention." SUF No. 22, Decl. Of Andrew T. Caulfield, Ex. U,
9 586:26-587:2.  Finally, the jury was instructed that if it found
10 that the officers employed unreasonable or excessive force a not
11 guilty verdict for the § 148(a) charge was indicated.  SUF
12 No. 24.
13    The jury heard evidence from several witnesses regarding the
14 entire incident of October 14, 2000 from the time Plaintiff
15 arrived at the scene to his transportation by ambulance to the
16 hospital.   Pursuant to Smith, the jury must necessarily have
17 decided the lawfulness of Defendants' actions throughout the
18 entire course of circumstances surrounding Plaintiff's arrest.
19 394 F.3d at 699, fn.5.
20    Plaintiff's First Cause of Action is against all Defendants
21 and alleges that Defendants used unreasonable and excessive force
22 in restraining Plaintiff.   The jury verdict convicting Plaintiff
23 necessarily determined that the deputies did not use unreasonable
24 or excessive force.  As such, success on Plaintiff's excessive
25 force claim here would necessarily imply that Plaintiff's earlier
26 criminal conviction was invalid.  Consequently Plaintiff's
27 excessive force claim is barred by Heck.
28 ///

1    Defendants have met their burden of establishing that
2 Plaintiff's section 1983 claim is barred by Heck.  A verdict in
3 Plaintiff's favor would necessarily impugn his prior conviction
4 and Plaintiff has not, and cannot, introduce evidence that his
5 conviction was based solely on conduct divorced from the claims
6 he attempts to make under 42 U.S.C. § 1983.

**B.   Plaintiff's Claims Premised On State Law Are Also Barred.**

10   Plaintiff also asserts state law claims for assault and
11 battery.  The principles established by Heck apply to both those
12 claims. Yount v. City of Sacramento, 43 Cal. 4th 885, 902
13 (2008); see also Susag v. City of Lake Forest, 94 Cal. App. 4th
14 1401, 1412-13 (2002) (finding plaintiff's assault and battery
15 claims precluded under Heck by his standing § 148(a) conviction
16 following a jury trial).  As the California Supreme Court held in
17 Yount: "In light of the fact that Heck and California law express
18 similar concerns of judicial economy and the avoidance of
19 conflicting resolutions, we conclude that the [Heck] analysis...
20 applies equally to [plaintiff's] common law claim for battery."
21 Yount, 43 Cal. App. 4th at 902.  Significantly, too, the Yount
22 court explained it could not "think of a reason to distinguish
23 between section 1983 and a state tort claim arising from the same
24 alleged conduct," since both claims required proof that the
25 officers used unreasonable force.  Id.
26 ///
27 ///
28 ///

11

Here, as in <u>Yount</u>, all causes of action asserted by Plaintiff in this lawsuit, including his assault and battery claims, stem from the same alleged conduct.  Therefore Plaintiff's state law claims are barred for the same reasons his § 1983 claims also fail.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment is GRANTED.[7]  The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: October 6, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Because oral argument was not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

12